United States District Court
Southern District of Texas
**ENTERED**
October 10, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GEORGE WESLEY MARTIN, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:18-CV-0881 |
| § | |
| TRACY GILBERT, *ET AL.*, § | |
| *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

The District Court has referred this case to this Magistrate Judge for report and recommendation. Dkt. 6. Having reviewed the Plaintiff's Complaint (Dkt. 1), the court recommends that this case be dismissed for the reasons explained below.

First, Plaintiff has filed a form "Complaint for a Civil Case Alleging that the Defendant Owes Plaintiff a Sum of Money (28 U.S.C. § 1332; Diversity of Citizenship)." No diversity of citizenship exists between Plaintiff, a resident of Montgomery County, Texas, and Defendants, all of whom he identifies as residents of Montgomery County, Texas. This Court has the "'responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.'" *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). A dismissal for lack of subject matter jurisdiction is generally without prejudice.[1]

---

[1] *See Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir.1996). Moreover, Plaintiff's case is also subject to dismissal without prejudice for lack of prosecution because he has not paid the $350.00 filing fee required by 28 U.S.C. § 1914, nor has he been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. He also has not served Defendants with the Summons and Complaint within 120 days as required by Federal Rule of Civil Procedure 4(m).

However, because Plaintiff's pro se Complaint must be construed liberally, *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994), the court construes his pleading as an attempt to assert federal civil rights claims pursuant to 42 U.S.C. § 1983, as well as possibly state law causes of action. *See* Dkt. 1 at 5 (alleging "coercion and fraud civil rights violations" as well as "slaunder [sic] defamation"). The federal claims should be dismissed with prejudice because they are frivolous and Plaintiff fails to state a claim for relief.

The court possesses the inherent authority to dismiss an action *sua sponte,* without motion by a defendant. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)); *See Gaffney v. State Farm Fire and Cas. Co.*, 294 Fed. App'x 975, 977 (5th Cir. 2008) (recognizing inherent authority to dismiss sua sponte for failure to state a claim as long as the procedure employed is fair). Plaintiff's case should be dismissed because it "lacks arguable basis either in law or in fact" and "there is no realistic chance of ultimate success." *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989) (affirming dismissal of case as frivolous under 28 U.S.C. § 1915(e)(2)). Among other deficiencies in his pleading, Plaintiff has named as defendants two judges who have absolute immunity from a suit for money damages based on their actions in cases that come before them. *Adams v. McIlhaney*, 764 F.2d 294, 297 (5th Cir. 1985). Moreover, Plaintiff's prior federal action based on the same underlying factual allegations, *Martin v. Hammock*, Civil Action No. 12-CV-1720, was dismissed by the district court for want of prosecution on March 18, 2013. The dates of filing and dismissal of Civil Action No. 12-CV-1720 indicate that the claims asserted in the instant case are barred by the statute of limitations, which is another factor indicating that he has no realistic chance of ultimate success. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (Two-year

statute of limitations governs suit under 42 U.S.C. § 1983). No amendment can cure these deficiencies in Plaintiff's Complaint.

For the reasons stated above, the court recommends that Plaintiff's federal claims be dismissed with prejudice. To the extent Plaintiff has attempted to assert state law claims in his Complaint, the court recommends they be dismissed without prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 8608.

Signed on October 10, 2018, at Houston, Texas.

*[signature]*
Christina A. Bryan
United States Magistrate Judge